IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROBERT T. JOHNSON, SR.,**

        **Plaintiff,**

    **v.**                      **CASE NO. 09-3070-SAC**

**KRISTIE HILDERBRAND,**
**et al.,**

        **Defendants.**

**O R D E R**

This civil rights complaint, 42 U.S.C. § 1983, was filed by an inmate of the Jackson County Jail, Holton, Kansas. The named defendants appear to be Kristie Hilderbrand, Jackson County Attorney; John Hurla, Officer Tribal Police Department; "County of Jackson, Kansas"; "Potowatomie Tribal Court"; "Prairie Band Tribal Court"; and "Prairie Band Tribal police". Plaintiff does not provide the information required for all the above defendants, but for defendants Hilderbrand and Hurla only. He also fails to list "Potowatomie Tribal Courts" as a defendant in the caption. Pro se litigants must follow the same procedural rules as other litigants. See Hughes v. Rowe, 449 U.S. 5, 9, 10 (1980); Zhu v. Countrywide Realty Co., Inc., 160 F.Supp.2d 1210, 1220, FN10 (D.Kan. 2001).

As the factual background for his complaint, Mr. Johnson alleges the following. On August 19, 2007, he was charged with "violation of Tribal Law #07-0416." The next day he was arrested by Jackson County "for same charge" in case No. 07-CR 225. Bond was set at an amount requiring him to pay $2500 to remain free. Six months later, after he had paid the bond and attorney fees of $3500, Jackson County Attorney defendant Hilderbrand filed a motion to

dismiss "handing over jurisdiction to federal government" (Case No. 08-00010-01).

As Count 1 of the complaint, Johnson alleges that defendant Hilderbrand "brought fraudulent charges against (him)," acted cruelly and criminally and engaged in a "form of robery (sic)" by forcing him to pay $6000 "to protect (his) civil liberties." As Count 2, plaintiff alleges that defendant Hilderbrand conspired with Jackson County and "others named and yet to be named" to deprive him by deception and fraud of $6000 and cause him "severe financial hardship" including loss of his employment, home and vehicle. As Count 3, plaintiff again alleges a conspiracy to defraud and permanently deprive him of $6000 by defendants Jackson County, Potowatomie Tribal Courts, Hilderbrand, Hurla, "and others". As "supporting facts" for the third count, plaintiff alleges Potowatomie Tribal Court and Tribal Police Case #07-0416 "governs (sic) the case against plaintiff," and there was "no signed agreement by this sovern (sic) nations court" and Hilderbrand or State's attorney "giving jurisdiction of the accused (sic) of commiting (sic) crimes on her soal (sic) over to any other forum." He claims that "without signed agreement defendants had no legal jurisdiction to shuffle forums" to gain tactical advantage. He asserts his due process rights were violated.

Plaintiff's request for relief includes "all discovery" and money damages including return of his $6000.

**FILING FEE**

Plaintiff has also filed a Motion to Proceed in forma pauperis

(IFP)(Doc. 2). However, his IFP motion is not upon forms provided by the court and does not include financial information and documents required by statute to accompany any IFP motion. Instead, plaintiff refers to his IFP motion filed in a prior case, and assumes the court can consider those documents as support for this motion. The court will not rule on the motion in this case until plaintiff has paid the assessed initial filing fee in his other case. Plaintiff is forewarned that he generally may not simply refer to documents filed in other cases, but must provide sufficient financial information and documents for each case filed by him. He is reminded that if he is granted IFP status in both his cases, he will then be obligated to pay the filing fee of $350.00 in each case for a total of $700.00, and that monthly payments will be deducted from his inmate account until that amount is paid in full. Being granted IFP status does not relieve him of the obligation to pay a filing fee, it merely allows him to proceed without prepayment of the full fee.

S**CREENING**

Because Mr. Johnson is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened all materials filed, the court finds this complaint is subject to being dismissed for reasons that follow.

"To state a claim under section 1983, a plaintiff must allege

3

the violation of a right secured by the Constitution or law of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir. 1992). Defendants Jackson County, Prairie Band Tribal Police, Prairie Band Tribal Court, and Potowatomie Tribal Court are clearly subject to being dismissed for the reason that none is a "person" subject to suit under § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 66, 71 (1989); Davis v. Bruce, 215 F.R.D. 612, 618 (D.Kan. 2003), aff'd in relevant part, 129 Fed.Appx. 406, 408 (10th Cir. 2005).

Plaintiff's claims for money damages against defendant Hilderbrand, are based upon acts taken by her in her official capacity as Jackson County Attorney, including the bringing and dismissal of criminal charges. Such claims are barred by the doctrine of absolute prosecutorial immunity. Imbler v. Pachtman, 424 U.S. 409, 418-19 (1976)(A prosecutor, acting within the scope of her duties in initiating and prosecuting a case, has absolute immunity from liability for damages under § 1983).

The only remaining defendant is John Hurla, Officer Tribal Police Department. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. Trujillo v. Williams, 465 F.3d 1210, 1227 (10th Cir. 2006)(A defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established); Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996); Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993)(affirming district court's dismissal

4

where "plaintiff failed to allege personal participation of the defendants"). The court finds that plaintiff describes no acts by Officer Hurla that indicate his direct personal participation in the allegedly unconstitutional acts presented as the basis for this complaint. Plaintiff's claim, in essence, is that the $6000 he spent on bond and attorney fees in connection with a state criminal prosecution before the charges were dismissed should be returned, and that he should be awarded damages for other financial losses he allegedly suffered as a result of having to pay the $6000. Defendant Officer Hurla is not alleged to have had any role in the bond or attorney fee assessments or payments.

Plaintiff's allegations of a conspiracy among defendants and others to deprive him by deception and fraud of $6000 and cause him "severe financial hardship" are completely conclusory. He presents no facts tending to show agreement and concerted action among the defendants. See Abercrombie v. City of Catoosa, Okl., 896 F.2d 1228, 1230-31 (10th Cir. 1990); see also, Sooner Products Co. v. McBride, 708 F.2d 510, 512 (10th Cir. 1983)(For a conspiracy under § 1983, "mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action"). A pro se complaint must be given a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Finally, the court notes that plaintiff's remaining allegations of "forum shuffling" are not at all clear and do not support his

claim of a denial of due process.  Accepting as true plaintiff's allegations that the State dismissed charges against him, and assuming the State then relinquished its authority over Mr. Johnson to face federal charges, no federal constitutional violation is stated.  Furthermore, any claim that a court lacks jurisdiction to proceed in a criminal action against Mr. Johnson must be raised in the court asserting its jurisdiction.

Plaintiff will be given time to show cause why this action should not be dismissed for the foregoing reasons.  If he does not show cause in the time allotted, this action may be dismissed without further notice.  Mr. Johnson is hereby notified that if this action is dismissed under 28 U.S.C. § 1915A(b) for the reasons stated herein, it will count as a "prior occasion", also known as a "strike", for purposes of 28 U.S.C. § 1915(g)[1].

**MOTION TO REVIEW DENIAL OF COPIES**

Plaintiff has submitted a letter to the Clerk with a pleading to be filed in another case.  In the letter, he asked that a "memo denying copies" attached to the letter be filed in this case as well at the other.  The "letter" and memo were copied by the clerk and filed in both cases as "Notice to Clerk."

Plaintiff is warned that any document he submits for filing in

---

[1] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id.

one of his cases must have the caption of that case at the top of the document, and that he may not submit a single document to be filed in two separate cases. Instead, he must produce and provide a copy of any document he wants filed in a case, and include the proper caption for one case only on any document he submits. This court accepts hand-written copies.

The court construes this "Notice to Clerk" as plaintiff's request for review of the attached "memo denying copies at the Jackson County Jail" (Doc. 3). The court finds that this exhibit is irrelevant to plaintiff's claims herein, and that he may submit handwritten copies in this case in lieu of copies produced for him by jail officials. Handwritten copies are also acceptable for service upon parties[2]. Plaintiff is not excused from filing and service requirements simply because handwritten copies are more difficult to produce. However, the court is cognizant that many parties before this court, once they have entered an appearance, are served electronically.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to show cause why this action should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

Dated this 16th day of April, 2009, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

---

[2] Plaintiff certifies service on defendants Hurla and Hilderbrand only, and informs the clerk that he has "no way to get copies to send to anyone."

7